LEAVY *v.* CITY OF JACKSON.

1. MUNICIPAL CORPORATIONS—GOOD FAITH IN AWARDING CONTRACTS.
   Reservation of right to reject any and all bids, where city authorities have power to make such reservation, gives right to let contract to any bidder and reject others, although one securing contract is not lowest bidder, provided authorities act in good faith in the exercise of honest discretion.

2. SAME—WHEN DISCRETION OF AUTHORITIES REVIEWABLE BY COURTS—PRESUMPTIONS.
   Exercise of discretion by city authorities to accept or reject bids will be controlled by courts only when necessary to prevent fraud, injustice, or violation of trust; that authorities acted in good faith in awarding contract being presumed.

3. SAME—NEWSPAPERS—DISCRETION IN AWARDING CONTRACT.
   Jackson city commission did not abuse its discretion, under the city charter, in awarding contract for publication of its

As to discretion of municipal authorities in choosing bidders for public contracts, see annotation in 38 L. R. A. (N. S.) 653.

proceedings, ordinances, etc., to newspaper having four times circulation of its competitor, although latter's bid was lower in figures, since former's bid was lower measured by circulation.

Appeal from Jackson; Williams (Benjamin), J. Submitted April 17, 1929. (Docket No. 141, Calendar No. 34,239.) Decided July 8, 1929.

Bill by Victor A. Leavy and other taxpayers against the City of Jackson and city officials to enjoin entering into a contract with the Jackson Citizen Patriot for publication of legal notices. From a decree for defendants, plaintiffs appeal. Affirmed.

*F. L. Blackman* and *Robert Crary,* for plaintiffs.

*Benjamin Kleinstiver* and *Don T. McKone,* for defendants.

CLARK, J. The charter of the city of Jackson contains provisions relative to publishing in newspaper or newspapers, namely, the substance of proceedings and votes of the city commission, proposed ordinance to be submitted to the voters, statement of time when nominating petitions may be filed, notices of election, notice of bonding election, notice of meeting of board of review, notice to pay taxes, and all ordinances.

The provisions are mandatory, some upon the city clerk, one upon the city treasurer, and as to publication in local newspaper or newspapers. Some sections speak of publication in "some newspaper," others of "one of the newspapers of the city," still others of "one or more of the daily newspapers of the city."

Although the charter did not specifically require advertising for bids for such publishing, and although in some instances discretion respecting it was vested solely in the city clerk or the city treasurer, the city commission decided to and did advertise for bids.

The Jackson Tribune, having an average daily circulation of 5,200, of which 3,600 is city circulation, filed a bid somewhat lower in figures than the bid of the Jackson Citizen Patriot, having an average daily circulation of 28,510, of which 15,937 is city circulation. While the bid of the latter paper was higher in money, it was lower if measured by circulation.

The bid of the latter paper was accepted, and this bill by plaintiffs, taxpayers, was filed to restrain entering into the contract and to compel acceptance of the bid of the Jackson Tribune. From decree dismissing bill, plaintiffs have appealed.

The charter provision under which bids were sought is:

"Before entering into any contract where the estimated cost of the work or material to be furnished under said contract shall exceed the sum of $500, the city commission shall advertise for sealed proposals therefor, and the contract shall be let to the lowest responsible bidder. * * * In such publication the city commission shall reserve the right to reject any and all bids."

Passing as made unnecessary to decision the question of the right of the city commission under the charter to seek bids for this publishing, we come first to the question of whether such publishing is "work or material to be furnished" as set forth in the charter. The trial court held it was not, citing

*Frank* v. *Board of Education,* 90 N. J. Law, 273 (100 Atl. 211, L. R. A. 1917D, 206); and *Public Ledger Co.* v. *City of Memphis,* 93 Tenn. 77 (23 S. W. 51). Perhaps the decree for this reason may be sustained, but we prefer to rest decision on other ground. If it be conceded that the city commission might seek bids for the publishing, and if it be further conceded that the same was "work or material" under the charter provision, we have still to consider the effect of the charter provision that the commission "reserve the right to reject any and all bids."

Applicable law is stated in author's note, 3 McQuillin on Municipal Corporations (2d. Ed.), p. 919:

"Reservation of right to reject any and all bids, where the authorities have power to make such reservation, gives the right to let the contract to any bidder and reject the others, although the one securing the contract is not the lowest bidder; provided, the authorities act in good faith in the exercise of an honest discretion."

And in text, § 1340:

"The exercise of discretion to accept or reject bids will only be controlled by the courts when necessary to prevent fraud, injustice or the violation of a trust. The court will indulge the presumption that the authorities acted in good faith in awarding the contract."

And see 44 C. J. p. 112.

Relative to "lowest responsible bidder," see 3 McQuillin on Municipal Corporations (2d Ed.), § 1331, and 44 C. J. p. 111.

The purpose of publishing was that the people might have notice and knowledge of the affairs of their city. The larger newspaper gave greater serv-

ice, and was the better agency in that regard. On the basis of circulation, its publishing was more valuable than that of the smaller paper, and its bid was lower. In these circumstances, we cannot find that the action of the city commission in accepting the bid of the larger newspaper was arbitrary, unjust, or in bad faith. On full consideration of the record and briefs, we conclude to affirm the decree, with costs to defendants.

NORTH, C. J., and FEAD, FELLOWS, WIEST, McDONALD, POTTER, and SHARPE, JJ., concurred.