BUD JOHNSON CONSTRUCTION CO., INC., et al., Appellants,

v.

METROPOLITAN TRANSIT COMMISSION, Respondent.

No. 49034.

Supreme Court of Minnesota.

Oct. 23, 1978.

Briggs & Morgan and R. Scott Davies, St. Paul, for appellants.

O'Connor & Hannan and Robert J. Christianson Jr. and Charles T. Nixon, Minneapolis, for respondent.

## ORDER

SCOTT, Justice.

The above-entitled appeal came on for hearing before a division of this court on September 27, 1978. Based upon all the files, records and proceedings herein,

IT IS HEREBY ORDERED that the order of the Ramsey County District Court, entered on May 26, 1978, denying plaintiffs' motion for a temporary injunction and dissolving the May 23, 1978, temporary restraining order, be, and the same is, affirmed. Rule 136.01(2), Rules of Civil Appellate Procedure.

## MEMORANDUM

An appeal from an order denying a motion for a temporary injunction presents the limited question of whether the trial court's denial constitutes a clear abuse of discretion. *Pickerign v. Pasco Marketing, Inc.,* 303 Minn. 442, 444, 228 N.W.2d 562, 564 (1975); *Thompson v. Barnes,* 294 Minn. 528, 533, 200 N.W.2d 921, 925 (1972); *Cramond v. AFL–CIO,* 267 Minn. 229, 234, 126 N.W.2d 252, 257 (1964).

In *Dahlberg Brothers, Inc. v. Ford Motor Company,* 272 Minn. 264, 274, 137 N.W.2d 314, 321 (1965), this court articulated five considerations relevant to a review of the trial court's determination of whether to issue or deny injunctive relief:

"(1) The nature and background of the relationship between the parties preexisting the dispute giving rise to the request for relief.

"(2) The harm to be suffered by the plaintiff if the temporary restraint is denied as compared to that inflicted on defendant if the injunction issues pending trial.

"(3) The likelihood that one party or the other will prevail on the merits when the fact situation is viewed in light of established precedents fixing the limits of equitable relief.

"(4) The aspects of the fact situation, if any, which permit or require consideration of public policy expressed in the statutes, State and Federal.

"(5) The administrative burdens involved in judicial supervision and enforcement of the temporary decree." (Footnotes omitted.)

On review of the lower court's application of these considerations, this court will view the facts alleged in the pleadings and affidavits as favorably as possible to the party who prevailed below.

The factual setting here involves the refusal to award a construction contract to the lowest bidder. It is well settled that:

"Bids for municipal contracts must substantially comply with all the requirements relative thereto, as contained in statutes, charter provisions, ordinances, and advertisements." *Nelson v. City of St. Paul,* 252 Minn. 12, 17, 88 N.W.2d 853, 857 (1958), citing 10 McQuillin, Municipal Corporations (3 ed.) § 29.65.

The determination as to whether these requirements are satisfied and the awarding of the contract are administrative acts of discretion which will be enjoined only if done illegally, arbitrarily, capriciously, or unreasonably. *Nelson v. City of St. Paul,* 252 Minn. 12, 18, 88 N.W.2d 853, 858. See, *Electronics Unlimited, Inc. v. Village of Burnsville,* 289 Minn. 118, 182 N.W.2d 679 (1971). Plaintiffs have not sustained the heavy burden of proof to show that the trial court abused its discretion in denying the relief requested.

Affirmed.