Gary BERGGREN, et al., petitioner,
Appellants,

v.

TOWN OF DULUTH, Respondent,

v.

Bruce LINDBERG, d.b.a. Bruce Lindberg Company, intervening respondent,
Respondent.

No. 50467.

Supreme Court of Minnesota.

April 3, 1981.

Edgerton, Theobald & Abelsen and Dennis O'Brien, Duluth, for appellants.

Stephen Snyder, Diane Hollern, Pamela J. Moset, and J. David Prince, Minneapolis, amicus curiae, for Sierra Club.

John McCabe, Minneapolis, amicus curiae, for Izaak Walton League.

Fryberger, Buchanan, Smith, Sanford & Frederick and Michael Donovan, Duluth, for respondent Town of Duluth.

Halverson, Watters, Bye & Downs and James D. Robinson, Jr., Duluth, for respondent Bruce Lindberg et al.

PETERSON, Justice.

Petitioners Gary and Susan Berggren and James and Peg Munger brought an action to enjoin the Town of Duluth from implementing certain provisions of its zoning ordinance. In addition, petitioners sought a judgment declaring the provisions illegal and unenforceable as applied to three sites within the town. The special term court denied petitioners' motion for a temporary injunction and all other relief requested by petitioners. We reverse and remand with directions.

The County of St. Louis adopted zoning controls, including Zoning Ordinance No. 24, for unincorporated areas of the county. Zoning Ordinance No. 24 established zoning for the three sites relevant to this action as follows:

1. Northshore Metal Products (Site A)— W–1 (Natural Environmental) and W–3 (General Development Lakes and Streams).
2. Bruce Lindberg Co. (Site B)—A–R (Agricultural, Rural Residential).
3. Duluth Steel Tanks Co. (Site C)—R–1 (Residential).

The county was in the process of initiating a comprehensive plan for the entire county at the time that the ordinance was adopted, a project that has not yet been completed.

The county board subsequently adopted Zoning Ordinance No. 27, which provided a comprehensive plan for a number of the unincorporated areas of the county. The Town of Duluth also began to implement a plan which was later adopted by the county board. Before the plan was fully implemented, however, the town enacted a zoning ordinance and map reclassifying Sites A, B, and C as M–1 (light industry). The county has not taken any official action to amend its zoning ordinance since the town ordinance was adopted in June 1979.

Petitioners, residents of the unincorporated areas of the county, instituted an action against the town seeking an order permanently enjoining respondent from implementing the ordinance and a judgment declaring the ordinance to be invalid and unenforceable. Upon denial of petitioners' motion for a temporary restraining order, a hearing on a motion for temporary injunction was scheduled before the special term court. Prior to the hearing, Bruce Lindberg was granted permission to intervene in the action. The court denied the temporary injunction and all other relief sought by petitioners. Petitioners' motion for amended findings was also denied, and petitioners brought this appeal.

1. Petitioners contend, first, that they are appealing from an order denying a permanent injunction. They claim that this court should rule on the merits of their petition. Respondent, however, asserts that petitioners are appealing from an order denying a temporary injunction. It argues that the law of the case was not conclusively determined by the lower court order.

■ We agree with respondent that the proceeding below should be considered a hearing on a temporary injunction rather than on a permanent injunction. The hearing was held only 7 days after the denial of a temporary restraining order, and the evidence submitted consisted of affidavits and verified petitions. There was no evidence that the court intended to advance or consolidate the proceeding with a trial on the merits pursuant to Minn.R.Civ.P. 65.02(3). Consequently, the order did not establish the law of the case nor did it constitute an adjudication on the merits. *Village of Blaine v. Independent School Dist. No. 12,* 265 Minn. 9, 13, 121 N.W.2d 183, 187 (1963).

2. The issue raised by this appeal, therefore, is whether the order denying the motion for a temporary injunction constitutes a clear abuse of discretion. *Bud Johnson Construction Co. v. Metropolitan Transit Commission,* 272 N.W.2d 31, 32 (Minn.1978); *Thompson v. Barnes,* 294 Minn. 528, 533, 200 N.W.2d 921, 925 (1972). The special term court determined that petitioners failed to show that they had a substantial probability of prevailing on the merits. In addition, the court found that petitioners had not shown that they would suffer irreparable harm if the temporary injunction were not issued.

■ In deciding whether the determination made by the district court should be sustained on appeal, we consider the likelihood that one party or the other will prevail on the merits when the fact situation is viewed in light of established precedents fixing the limits of equitable relief. *Bud Johnson Construction Co. v. Metropolitan Transit Commission,* 272 N.W.2d at 32; *Dahlberg Bros. v. Ford Motor Co.,* 272 Minn. 264, 275, 137 N.W.2d 314, 321 (1965). We also evaluate the relationship between the parties preexisting the dispute and the relative hardships that would result if temporary restraint were denied or issued. *Dahlberg Bros. v. Ford Motor Co.,* 272 Minn. at 274–75, 137 N.W.2d at 321; *Crammond v. AFL–CIO,* 267 Minn. 229, 234, 126 N.W.2d 252, 256 (1964).

Petitioners and amici curiae, the Sierra Club and the Izaak Walton League, assert that the town ordinance which designates Sites A, B, and C as industrial areas violates Minn.Stat. § 394.33, subd. 1 (1978). That section provides in pertinent part as follows:

The governing body of any town including any town with the powers of a statutory city pursuant to law may continue to exercise the authority to plan and zone as provided by law, but *after*

*the adoption of official controls for a county or portion thereof by the board of county commissioners no town shall enact or enforce official controls inconsistent with or less restrictive than the standards prescribed in the official controls adopted by the board.* Nothing in this section shall limit any town's power to adopt official controls, including shoreland regulations which are more restrictive than provided in the controls adopted by the county.

(Emphasis added.) It is their position that the industrial land-use standards imposed on Sites A, B, and C are inconsistent with and less restrictive than the residential, agricultural, and environmental controls applicable to those sites under the St. Louis County zoning ordinance and, thus, the town standards are invalid. They also argue that, in order to determine consistency of the controls under section 394.33, a comparison of land-use standards for the same tract is required.

Respondent claims that the word "standard" is of crucial importance. It asserts that it is sufficient for purposes of the statute if the town's standards for the sites designated as residential under its zoning ordinance are as restrictive as the county's standards for the areas designated as residential under the county plan. Under this construction, the consistency of application of the standards to the same sites is irrelevant. It is respondent's contention that the town should be allowed to apply its standards to any sites that it selects despite the presence of an inconsistent county ordinance in effect for those sites.

■ It is clear that respondent's interpretation is contrary to the meaning and purpose of the statute. Section 394.33 indicates the legislative intent to make zoning regulations of towns subject to county regulations in the interests of achieving uniformity within county boundaries. *See* Op. Atty. Gen. 44–H, June 5, 1963. Any town regulations which may be promulgated are effective upon adoption of county controls only insofar as they are not inconsistent with the county regulations. *Id.* In order

to effectuate the intention of the legislature, standards must be consistently applied to the same sites and not used merely as definitions for particular categories. It would defeat the statutory policy that grants the county priority in zoning if a less restrictive town ordinance were allowed to supersede a county ordinance zoning the same area.

■ In the proceeding below, the court and parties assumed that a valid county ordinance was in effect for Sites A, B, and C. Based on that assumption, there was a substantial likelihood that petitioners would prevail on the merits. If the county ordinance zoned the sites as residential and agricultural, the town ordinance could not designate the same sites as light industrial in violation of section 394.33. Thus, the court was incorrect in concluding that petitioners could not prevail on the merits and in denying them a temporary injunction on that basis.

■■ The object of the temporary injunction is to maintain the matter in controversy in its existing condition until judgment, so that the effect of the judgment shall not be impaired by the acts of the parties during the litigation. *Pickerign v. Pasco Marketing, Inc.*, 303 Minn. 442, 446, 228 N.W.2d 562, 565 (1975). Considering the relative hardships to the parties involved, it would be proper to maintain the prior status of the parties in order to minimize the damage to petitioners that would result if the town ordinance were to be implemented. Such a holding would be consistent with the standards we adopted in *Dahlberg Bros. v. Ford Motor Co.*, 272 Minn. at 274–75, 137 N.W.2d at 321. Therefore, we reverse and remand with directions to the trial court to grant petitioners' motion for a temporary injunction.

■ 3. The status of the county ordinance that establishes zoning ordinance standards for Sites A, B, and C is not clear from the record. Since the resolution of the issues involved will require a determination of the validity and effect of the county ordinance, the county should be made a

party to this action. This may be accomplished by joinder or consolidation, as the trial court determines is practicable and expedient, with petitioners' other lawsuit, Case No. 144051, currently pending in St. Louis County District Court. We remand for a full hearing on the merits in accordance with the petition for a permanent injunction and declaratory judgment.

Reversed and remanded with directions.