■ In the Matter of GEORGE A. NOLE & SON, INC., Respondent, v BOARD OF EDUCATION OF THE CITY SCHOOL DISTRICT OF NORWICH, Respondent, and KOTASEK CORPORATION, Appellant. —Casey, J. Appeal from a judgment of the Supreme Court (Lee, Jr., J.), entered September 16, 1986 in Chenango County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of respondent Board of Education of the City School District of Norwich awarding a construction contract to respondent Kotasek Corporation.

Respondent Board of Education of the City School District of Norwich (Board) advertised for sealed bids for certain additions and renovations to two elementary schools. The bids were to be opened at 2:00 P.M. on July 22, 1986. The invitation for bids stated that bids would be accepted until the 2:00 P.M. deadline and that "[a]ll bids received after this time will not be accepted". Petitioner submitted its bid at 2:02 P.M. and it was marked as received late. The architect directed the clerk of the Board to accept the bid as informal and, after the two timely bids were read, petitioner's bid was read "for information only". The contract was awarded to respondent Kotasek Corporation (Kotasek); petitioner's bid was the low bid by nearly $200,000.

Petitioner commenced this CPLR article 78 proceeding, seeking to vacate the Board's award of the contract to Kotasek and to compel the Board to award the contract to petitioner. Supreme Court held that the Board abused its discretion in refusing to accept a bid that was only two minutes late and directed the Board to readvertise for bids and award the contract to the lowest bidder. Kotasek appeals, and the Board has filed a brief urging reversal.

"Although the power to reject any or all bids may not be exercised arbitrarily or for the purpose of thwarting the

public benefit intended to be served by the competitive process * * * the discretionary decision ought not to be disturbed by the courts unless irrational, dishonest or otherwise unlawful" *(Matter of Conduit & Found. Corp. v Metropolitan Transp. Auth.,* 66 NY2d 144, 149 [citations omitted]). The Board herein rejected petitioner's bid for failure to comply with the time requirement provided in the bid advertisement *(see,* Education Law § 2513; General Municipal Law § 103 [2]). It cannot be said that the Board's decision to strictly enforce this requirement was irrational *(see, Matter of C. K. Rehner, Inc. v City of New York,* 106 AD2d 268, 269), nor does the record reveal anything dishonest or otherwise unlawful in the decision. By concluding that the Board should have accepted petitioner's late bid, Supreme Court inappropriately substituted its discretion for that of the agency *(see, supra).*

Judgment reversed, on the law, without costs, petition dismissed and determination confirmed. Kane, J. P., Casey, Mikoll, Levine and Harvey, JJ., concur.