GREAT LAKES HEATING, COOLING, REFRIGERATION AND
SHEET METAL CORPORATION v TROY SCHOOL DISTRICT

Docket No. 129890. Submitted October 14, 1992, at Detroit. Decided
December 7, 1992, at 10:30 A.M.

Great Lakes Heating, Cooling, Refrigeration and Sheet Metal
Corporation brought an action in the Oakland Circuit Court
against the Troy School District, seeking an order requiring the
defendant to open and consider Great Lakes' bid for certain
construction work before awarding a contract for the work. The
defendant had refused to open the bid because it had been
submitted five minutes after the advertised deadline for bids.
The relevant documents provided that the defendant could, at
its discretion, open a late bid. The court, Gene Schnelz, J.,
found that the bid was submitted late, but ordered that it be
opened and considered. Pursuant to the order, the bid was
opened, and the plaintiff was granted the contract. Mechanical
Heat & Cold, Inc., who had entered a timely bid, was allowed to
intervene as a party defendant. The defendants appealed.

The Court of Appeals *held*:

1. The court erred in substituting its discretion for that of the
school district. The exercise of discretion to accept or reject
public contract bids may be controlled by the courts only when
necessary to prevent fraud, injustice, or the violation of a trust.
The courts will presume that the authorities acted in good
faith.

2. The judgment must be reversed and the case remanded to
allow the trial court to fashion an appropriate remedy.

Reversed and remanded.

*Lawrence D. Heitsch, P.C.* (by *Lawrence D. Heitsch*), for Great Lakes Heating, Cooling, Refrigeration and Sheet Metal Corporation.

*Dickinson, Wright, Moon, Van Dusen & Freeman* (by *Charles F. Clippert* and *Terry W. Milne*), for Troy School District.

*Grylls, Facca, Richter & Pregler* (by *Patrick A. Facca*), for Mechanical Heat & Cold, Inc.

Amici Curiae:

*Federlein, Grylls & Keranen, P.C.* (by *John K. Grylls*), for the Construction Association.

*Michigan Association of School Boards* (by *Linda L. Bruin*).

Before: SHEPHERD, P.J., and WEAVER and TAY-LOR, JJ.

WEAVER, J. Defendant school district solicited bids from contractors to work on the construction of a new high school. The advertisement stated:

> Notice is hereby given that sealed bids will be received by Troy School District, 1100 Urbancrest, Troy, Michigan 48083-5431—by delivery & mail on or before April 3, 1990, at 2:00 P.M. E.S.T.

Plaintiff was bidding on Bid Package No. 2-11, mechanical work. Within the bid-package proposal, there was a specific provision concerning late bids that read:

> Bids must be received at the designated location prior to the time and date for receipt of bids indicated in the Advertisement to Bid or any extension thereof made by addendum. Bids received after designated bid receipt deadlines may at the discretion of the Owner, be returned unopened.

Plaintiff submitted its bid at 2:05 P.M. on April 3, 1990. The bid was marked "late." According to three of defendant school district's employees that were present and in charge of receiving bids,

plaintiff's bid was submitted after 2:00 P.M., as shown on the clock located in the office at which the bids were to be received.

At 6:30 P.M. on April 3, 1990, all bids were opened except plaintiff's bid and one other that was also filed after 2:00 P.M. On April 19, 1990, plaintiff filed an action seeking an order requiring the school district to open and consider its bid before awarding a contract.

Following a hearing, the trial court found as a matter of fact that the bid was submitted five minutes after the deadline. The trial court further held that plaintiff's bid should still be opened and considered by the school district. Pursuant to the court's order, defendant allowed both late bids to be opened and considered. Defendant granted plaintiff the contract for the mechanical work.

Mechanical Heat & Cold, Inc., and Monte Costella & Company, Inc., who had entered timely bids, both intervened, asking for relief from the order, which the trial court denied. Defendant and Mechanical both appeal. We reverse and remand.

The essential question presented is whether the court erred in ordering the school board to open and consider the late bid submitted by plaintiff, substituting its discretion for that of the school board.

The exercise of discretion to accept or reject bids will be controlled by the courts only when necessary to prevent fraud, injustice, or the violation of a trust. The courts will indulge the presumption that the authorities acted in good faith. *J J Zayti Trucking, Inc v Detroit,* 137 Mich App 705; 359 NW2d 201 (1984); *Leavy v City of Jackson,* 247 Mich 447; 226 NW 214 (1929).

We recognize that judicial intervention in procurement necessarily results in delay and the

expenditure of funds on behalf of all parties. We hold that a trial court cannot disturb the decision of a school board on a bid unless there has been some form of fraud, abuse, or illegality. See *Sea-Land Service, Inc v Brown,* 600 F2d 429 (CA 3, 1979), *Bud Johnson Construction Co, Inc v Metropolitan Transit Comm,* 272 NW2d 31 (Minn, 1978), and *In re Nole & Son, Inc v Bd of Ed of the City School Dist of Norwich,* 129 AD2d 873; 514 NYS2d 274 (1987). We find that to hold otherwise would create the possibility of opening a floodgate of litigation that would benefit neither the public authority nor the citizens and taxpayers it is attempting to represent and serve.

We recognize and reject plaintiff's arguments concerning the factual question regarding when the bid was delivered and the effect of implementing daylight savings time.

We reverse the order directing the school board to open and consider the bid, and remand to allow the trial court to fashion an appropriate remedy. We do not retain jurisdiction.

Reversed and remanded.