■ In the Matter of C.I.D. REFUSE SERVICE, INC., Appellant, v TOWN OF EVANS et al., Respondents.—Judgment unanimously affirmed without costs. Memorandum: Supreme Court properly dismissed the petition in this CPLR article 78 proceeding that challenged the determination of the Town of Evans to award a contract (Alternates #1, 3A, 4) to Joe Bull Sanitation Services, Inc./Browning-Ferris Industries of New York, Inc. (Joe Bull/BFI) to collect, haul and dispose of the municipal solid waste and to collect, haul and process the recyclables. The Town's determination that Joe Bull/BFI was the lowest responsible bidder was not arbitrary and capricious and did not constitute an abuse of discretion *(see,* General Municipal Law art 5-A; *Matter of Conduit & Found. Corp. v Metropolitan Transp. Auth.,* 66 NY2d 144; *Matter of Nole & Son v Board of Educ.,* 129 AD2d 873; *Matter of Progressive Dietary Consultants v Wyoming County,* 90 AD2d 214; *Le Cesse Bros. Contr. v Town Bd.,* 62 AD2d 28, *affd on opn below* 46 NY2d 960). (Appeal from Judgment of Supreme Court, Erie County, Mintz, J.—Article 78.) Present—Green, J. P., Pine, Lawton, Fallon and Davis, JJ.

■ PEOPLE v EDWARD MEYERS, Defendant.—Motion for change of venue denied. Memorandum: We conclude that defendant has not on this application met his burden of demonstrating that there is "reasonable cause to believe that a fair and impartial trial cannot be had" in Onondaga County (CPL 230.20 [2]). If it develops during the voir dire that a fair and impartial jury cannot be drawn, an appropriate application may then be made. The relief requested in the application before us now is premature *(see, People v DiPiazza,* 24 NY2d 342; *People v Jacobsen,* 170 AD2d 1043). Present—Denman, P. J., Pine, Lawton, Boomer and Davis, JJ.

■ PEOPLE v JOSEPH BRINSON, Defendant.—Motion to extend time to seek leave to appeal denied. Memorandum: The motion is unnecessary. Defendant was never served with a copy of the order denying his motion; thus, defendant's time to apply for leave to appeal has not yet begun to run *(see,* CPL 460.10 [4] [a]). Present—Callahan, J. P., Balio, Lawton, Boomer and Davis, JJ.

■ PEOPLE v EVELYN MEDINA, Defendant.—Motion to extend time to take appeal denied. Memorandum: Defendant's remedy to contest the imposition of a surcharge is to move for resentencing pursuant to CPL 420.10 (5) and 420.35 (1). Present—Callahan, J. P., Balio, Lawton, Boomer and Davis, JJ.