Michael ALTENBURG,
et al., Appellants,

v.

BOARD OF SUPERVISORS OF PLEASANT MOUND TOWNSHIP, Blue Earth County, et al., Respondents.

No. C9–99–2133.

Court of Appeals of Minnesota.

Sept. 5, 2000.

Daniel W. Godfrey, Dustan James Cross, Gislason & Hunter LLP, New Ulm, MN (for appellant).

Peter Bellanti Tiede, Nancy Ann Proffitt, Murnane Conlin White & Brandt, St. Paul, MN (for respondent).

Considered and decided by STONEBURNER, Presiding Judge, CRIPPEN, Judge, and ANDERSON, Judge.

## OPINION

G. BARRY ANDERSON, Judge.

Appellants Michael and Karen Altenburg sought to build an animal feedlot on their property. Feedlots are prohibited by a Pleasant Mound Township ordinance. Accordingly, appellants commenced the

present action alleging that the ordinance is invalid. The district court determined that the township ordinance was valid and entered summary judgment in favor of the township.

On appeal, appellants argue that, in light of county ordinances relating to the same subject matter, the township's ordinance was invalid and preempted. Appellants also argue that the township's ordinance is arbitrary and capricious. Because a township has the authority to adopt official controls more restrictive than county controls and because the ordinance is not arbitrary and capricious, we affirm.

## FACTS

The present case involves three ordinances—two county ordinances and one township ordinance—all of which purport to set restrictions on animal feedlots. The first of the three ordinances, the Livestock Manure Management Ordinance, was adopted by Blue Earth County in 1994. Under this ordinance, new feedlots of 300 animal units or more are designated as conditional uses. The ordinance also establishes a number of pollution control and setback requirements for feedlot operators.

In 1995, respondent Pleasant Mound Township decided to study the possibility of establishing a comprehensive plan and official controls for the benefit of its citizens. The mainly rural township was concerned about the effects of large commercial developments. Ultimately, the township adopted a moratorium on the construction or expansion of feedlots exceeding a certain number of animal units.

During the township's moratorium period, the county adopted a second ordinance, the Blue Earth County Land Use Ordinance, which restricted feedlot operations. The ordinance permits feedlots of fewer than 100 animal units. New feedlots of fewer than 100 to 300 animal units are designated conditional uses. The ordinance also establishes setback requirements between feedlots and dwellings.

While the county was adopting its land use ordinance, the township was engaged in planning activities as well. The township established an advisory committee for the purpose of studying planning options. Between February 1996 and October 1997, the advisory committee held numerous meetings, heard from speakers and citizens and studied written materials. Eventually, on October 21, 1997 the township supervisors established a five-member planning commission to draft a comprehensive plan and a zoning ordinance.

On January 20, 1998, after extensive public hearings, the township's supervisors adopted the commission's comprehensive plan. The plan detailed objectives and the policies intended to implement those objectives. The goals, policies and objectives of the comprehensive plan were later incorporated into the township's zoning ordinance.

On March 23, 1998, the township passed its zoning and land use ordinance. The township ordinance limited the number of animal units permissible or conditionally permissible. The ordinance also established various setback requirements. The limitations on animal units and setback requirements in the township ordinance are much more restrictive than the county ordinances.

Appellants Michael and Karen Altenburg own property in Pleasant Mound Township in Blue Earth County. The county issued appellants a conditional use permit for a feedlot on their property. The proposed feedlot operation, however, is a prohibited use under the township ordinance. Appellants commenced the present action seeking a judgment that the township ordinance is invalid. Appellants claimed that the ordinance was arbitrary and capricious and that it was invalid under the doctrines of preemption and conflict.

Both appellants and the township filed motions for summary judgment. The dis-

trict court granted partial summary judgment in favor of the township. The court dismissed all of appellants' claims except for the claim that the ordinance was arbitrary and capricious. Following a bench trial on this remaining claim, the district court ruled that the ordinance was not arbitrary and capricious and entered judgment in favor of the township.

## ISSUES

I. Did the district court err by concluding that, under Minn.Stat. § 394.33 (1996), the township's ordinance properly established official controls that were more restrictive than those of the county?

II. Did the district court err by determining that the doctrines of preemption and conflict were not applicable to the present case?

III. Is the township's ordinance arbitrary and capricious?

## ANALYSIS

 As a preliminary matter, the township contends that there is no controversy before the court because appellants have not applied for, nor been denied, a conditional use permit or a variance from the township. Before challenging an ordinance, a party must exhaust all available administrative remedies. Minn.Stat. § 462.361, subd. 2 (1996). A party is not required to pursue administrative remedies, however, if such attempts would be futile. *McShane v. City of Faribault*, 292 N.W.2d 253, 256 (Minn.1980). In this case, we reject the township's argument because the remedies suggested by the township would be pointless and futile. Because appellants' proposed feedlot is a prohibited use under the ordinance, they could not be granted a conditional use permit. Moreover, a township is prohibited by statute from granting a variance for a use not permitted by the ordinance. Minn.Stat. § 462.357, subd. 6(2) (1996); *see also McShane*, 292 N.W.2d at 256 (party need not seek a variance where the granting of

a variance would undermine the goals of the ordinance).

## I.

 In reviewing the grant or denial of summary judgment, we must determine whether any genuine issues of material fact exist and whether the district court erred in applying the law. *Wartnick v. Moss & Barnett*, 490 N.W.2d 108, 112 (Minn.1992). The court must view the evidence in the light most favorable to the party against whom judgment was granted. *State by Beaulieu v. City of Mounds View*, 518 N.W.2d 567, 571 (Minn.1994). The interpretation of a statute or ordinance is a question of law, which this court reviews de novo. *Hibbing Educ. Ass'n v. Public Employment Relations Bd.*, 369 N.W.2d 527, 529 (Minn.1985).

 Townships are vested with the statutory authority to enact official controls, such as zoning ordinances. Minn. Stats. §§ 462.351–.365 (1996 & Supp.1997). Counties are also authorized to adopt official controls by ordinance. Minn.Stat. § 394.24, subd. 1 (Supp.1997). Where the county has adopted official controls applicable to a township, the township's ability to adopt its own controls is limited:

> The governing body of any town including any town with the powers of a statutory city pursuant to law may continue to exercise the authority to plan and zone as provided by law, but after the adoption of official controls for a county or portion thereof by the board of county commissioners no town shall enact or enforce official controls inconsistent with or less restrictive than the standards prescribed in the official controls adopted by the board. *Nothing in this section shall limit any town's power to adopt official controls, including shoreland regulations which are more restrictive than provided in the controls adopted by the county.*

Minn.Stat. § 394.33, subd. 1 (1996) (emphasis added).

Appellants argue that the township ordinance is inconsistent with the county ordinances and, therefore, is invalid under Minn.Stat. § 394.33. Appellants would have this court read the last sentence of the statute as two independent clauses: (1) "Nothing in this section shall limit any town's power to adopt official controls," and (2) "including shoreland regulations which are more restrictive than provided in the controls adopted by the county." Thus, according to appellants, the only township controls that can be more restrictive than county controls are shoreland regulations.

The township asks that the court infer a comma after "shoreland regulations." Under this interpretation, a township would be permitted to adopt more restrictive official controls including, but not limited to, shoreland regulations. Application of the rules of statutory construction leads to the conclusion that the township's interpretation is correct.

■ If a statute is unambiguous, this court will look only to the plain meaning of its language. *In re Estate of Ablan*, 591 N.W.2d 725, 727 (Minn.App.1999). When interpreting an ambiguous statute, effect must be given to the intent of the legislature. Minn.Stat. § 645.16 (1998). Because the statute at issue in the present case is reasonably subject to two different interpretations this court must ascertain the legislature's intent.

■ As a general rule of statutory construction, "a statute is to be construed, if possible, so that no word, phrase, or sentence is superfluous, void, or insignificant." *Duluth Firemen's Relief Ass'n v. City of Duluth*, 361 N.W.2d 381, 385 (Minn.1985) (citation omitted). Appellants' interpretation would leave a superfluous phrase. If the language stating that the section does not limit the town's power to adopt official controls is left unmodified, that phrase has no meaning. Clearly, the first part of the subdivision does limit the town's power by restricting it from adopting official con-

trols inconsistent with, or less restrictive than, county controls. The "more restrictive" clause must, therefore, modify the first clause.

■ The township argues that a prior version of the statute adds to the validity of its interpretation. If statutory language is ambiguous, courts may look to prior versions of the statute to determine legislative intent. *Welscher v. Myhre*, 231 Minn. 33, 36, 42 N.W.2d 311, 313 (1950). Prior to adoption of the present statute, Minn.Stat. § 394.33 read as follows:

> The governing body of any town may continue to exercise the authority to plan and zone as provided by law, but after the adoption of official controls for a county or portion thereof by the board of county commissioners no town shall enact official controls inconsistent with the standards prescribed in the official control adopted by the board. *Nothing in this section shall limit any town's power to zone more restrictively than provided in the controls adopted by the county.*

Minn.Stat. § 394.33 (1971) (emphasis added). The changes made by the legislature only expand and clarify the language in the original version and do not evidence an intent to alter the substance. Here, the prior statutory language is a powerful guide to the intention of the legislature.

Appellants nevertheless argue that the township ordinance is "inconsistent" with the county ordinances because it forbids what the county allows. But we construe the term "inconsistent" to mean circumstances where a township implements standards that are different in nature from county standards. For example, a township could not zone an area as a commercial district when the same area has been zoned as a residential district by the county. *See Berggren v. Town of Duluth*, 304 N.W.2d 24, 26–27 (Minn.1981) (indicating a town's ordinance zoning three areas as light industrial was inconsistent with a county ordinance that zoned the areas as an environmental district, an ag-

ricultural district, and a residential district). Because the township ordinance is more restrictive than, but based on the same standards as, the county ordinances, the ordinance is valid under Minn.Stat. § 394.33.

## II. Preemption and Conflict

Appellants argue that the township's ordinance is preempted by and in conflict with the county ordinances. Minnesota recognizes two separate doctrines that determine preemption questions. The first, referred to specifically as "preemption," is based on "occupation of the field." *Mangold Midwest Co. v. Village of Richfield,* 274 Minn. 347, 356, 143 N.W.2d 813, 819 (1966). A state law may so fully occupy a particular field of legislation that there is no room for local regulation. *Id.* Under the doctrine of preemption, it does not matter whether the local legislation complements or contradicts the state law. *Id.* The doctrine of conflict provides that a local ordinance is invalid if its terms are irreconcilable with those of a state law. *Id.*

Appellants support their arguments with three recent court of appeals decisions reviewing township controls relating to animal feedlots. *See Canadian Connection v. New Prairie Township,* 581 N.W.2d 391 (Minn.App.1998), *review denied* (Minn. Sept. 30, 1998); *Blue Earth County Pork Producers, Inc. v. County of Blue Earth,* 558 N.W.2d 25 (Minn.App.1997), *review denied* (Minn. Mar. 26, 1997); *Board of Supervisors of Crooks Township v. ValAdCo,* 504 N.W.2d 267, 269 (Minn.App.1993), *review denied* (Minn. Sept. 30, 1993). But *Canadian Connection, Blue Earth, ValAdCo* all involved challenges to local ordinances on the grounds that they were preempted by or in conflict with the regulations of the MPCA, a *state* agency. In contrast, appellants do not argue that the MPCA regulations preempt the township's ordinance. Instead, appellants contend that the doctrines of preemption and conflict should apply between a county and a township. This is a significant distinction.

Both counties and townships are entities of state creation and have only the powers conferred to them by the state. *See County of Pine v. State, Dept. of Natural Resources,* 280 N.W.2d 625, 629 (Minn. 1979) (county ordinances may not exceed a "valid exercise of the police power"); *Mangold,* 274 Minn. at 357, 143 N.W.2d at 820 (municipality has no inherent powers, only those conferred by statute). Because counties and townships have only the powers granted to them by the state, the doctrines of preemption and conflict apply between the two only insofar as the state has directed. It is conceivable that, absent an express indication of the legislature's intent on preemption or conflict, the applicability of the doctrines could be implied. *See City of Birchwood Village v. Simes,* 576 N.W.2d 458, 461 (Minn.App.1998) (affirming the district court's determination "that the statute creating the [other local governing body] preempts any regulations imposed by the city"). In this case, however, we need not ponder concepts of implied preemption or conflict because the legislature has already expressed its intention with regard to whether a township control is invalidated under those doctrines. That intent is found in Minn.Stat. § 394.33.

To a certain extent, counties have been given priority over township in matters of zoning. *Berggren,* 304 N.W.2d at 27. Nevertheless, by allowing townships to enact more restrictive ordinances, the legislature has made it clear that the doctrine of preemption does not preclude all township ordinances that cover the same subject matter as county controls. *See* Minn. Stat. § 394.33, subd. 1. Moreover, because the township is expressly authorized to prohibit what the county might permit, the usual rules of the conflict doctrine also do not apply. *See Mangold,* 274 Minn. at 352, 143 N.W.2d at 816 (holding that "a conflict exists where the ordinance forbids what the statute *expressly* permits"). Simply stated, the

preemptive effect of a county ordinance is delineated by Minn.Stat. § 394.33 and, as discussed above, the township ordinance does not exceed the authority permitted by the statute.

### III. Arbitrary and Capricious

Appellants' final argument is that the township's ordinance is arbitrary and capricious. Local ordinances bear a presumption of constitutionality. *City of Richfield v. Local No. 1215, Int'l Ass'n of Fire Fighters*, 276 N.W.2d 42, 45 (Minn. 1979). The party challenging an ordinance has the burden of proving its invalidity. *Sun Oil Co. v. Village of New Hope*, 300 Minn. 326, 334, 220 N.W.2d 256, 261 (1974). The challenger must show that a zoning classification is "unsupported by any rational basis related to promoting the public health, safety, morals, or general welfare." *State, by Rochester Ass'n of Neighborhoods v. City of Rochester*, 268 N.W.2d 885, 888 (1978). As long as the reasonableness of the ordinance is debatable this court will not interfere with the township's discretion. *Id.* In determining whether a zoning ordinance is valid, this court conducts a review of the township's decision independent of the findings and conclusions of the district court. *VanLandschoot v. City of Mendota Heights*, 336 N.W.2d 503, 508 (Minn.1983).

Appellants imply that the ordinance, at least to some extent, is invalid because of the township's failure to consider materials on the cap of the number of animal units permissible. This court has noted, however, that ordinances are not invalidated because of the failure to review empirical evidence, but rather that they are invalidated because they lack a rational basis. (*Holt v. City of Sauk Rapids*, 559 N.W.2d 444, 445–46 Minn.App.1997), *review denied* (Minn. Apr. 24, 1997). Moreover, in reviewing the zoning decision of a township, courts are permitted to consider evidence that was not before the local body so long as it is relevant to the issues considered by the township in making its decision. *Honn v. City of Coon Rapids*, 313 N.W.2d 409, 416 (Minn.1981).

We note that the township conducted detailed and lengthy studies before enacting its zoning ordinance. We are also cognizant of the fact that this court has found valid similar restrictions on animal feedlots. *See Canadian Connection*, 581 N.W.2d at 395 (holding valid a township ordinance imposing setback requirements on animal feedlots where the ordinance was intended to prevent odor pollution). As a matter of public policy, whether the county's approach is preferable is not for this court to say. Indeed, whether the county, the township, both or neither should determine these contentious issues is a matter for the legislature to resolve.

Bearing in mind the presumption of validity and the voluminous evidence in support of the ordinance, we conclude that the district court did not err in determining the township ordinance was not arbitrary and capricious.

### DECISION

The district court did not err by determining that the township zoning ordinance is valid.

**Affirmed.**