In re Bill KAYACHITH and Susan Kayachith, Petitioners

In re the Custody of A.V.A., Bill and Susan Kayachith, Petitioners,

v.

Ratchaneewan and Vilaysack Athakhanh, Respondents,

and

Kaysone Athakhanh, Respondent.

No. A04–424.

Court of Appeals of Minnesota.

July 20, 2004.

Robert J. Milavetz, Barbara Nilva Nevin, Joseph Anthony Rymanowski, Milavetz, Gallop & Milavetz, PA, Edina, MN, for petitioner.

Susan Claire Rhode, Moss & Barnett, PA, Minneapolis, MN, for respondents Ratchaneewan Athakhanh and Vilaysack Athakhanh.

Andrea K. Niemi, Niemi and Barr, Minneapolis, MN, for respondent Kaysone Athakhanh.

Considered and decided by TOUSSAINT, Chief Judge; PETERSON, Judge; and HARTEN, Judge.

## SPECIAL TERM OPINION

TOUSSAINT, Chief Judge.

Melinda Athakhanh (mother) and Souvorachak Kayachith (father), and their child lived in the home of father's parents since the child was born in April 2000. In March 2003, while driving to Georgia to visit mother's family, mother and father were killed in a car accident. The child survived and continued to live with her paternal grandparents. The current dis-

pute involves competing petitions for custody of the child filed by the child's paternal grandparents and mother's cousins, whose prior contact with the child at the time they petitioned for custody, was limited.

The district court "merged" the two custody files, awarded paternal grandparents temporary legal and physical custody of the child, ruled that cousins were "interested third parties" who could seek custody under Minnesota Statutes Chapter 257C, suspended discovery so that a court-appointed therapist could evaluate the child, and awarded cousins visitation with the child. This court then issued a writ of prohibition, ruling that cousins had not shown standing to seek custody of the child and preventing the district court from enforcing its visitation award to cousins. Cousins then sought to amend their custody petition, and grandparents opposed that amendment. Grandparents also sought appointment of a new therapist, and moved the district court judge to recuse himself from the case for bias. Requests for other relief were also made. After a hearing, the district court ruled from the bench that (a) he would not recuse; (b) cousins would be allowed to amend their petition; (c) grandparents' motion for appointment of a new therapist was denied; and (d) the rulings would not be stayed pending grandparents' petition to this court for extraordinary relief. Written orders followed the next day. Grandparents asked this court for a writ of prohibition to preclude (a) the district court judge from making further rulings in the case; (b) the district court from giving effect to cousins' amended custody petition; and (c) the enforcement of orders allowing the therapist to facilitate visitation. By order, this court held that cousins lacked standing to seek custody of the child, otherwise denied relief, and stated that a special term opinion would follow, addressing the standing question.

 Prohibition can issue if the district court exceeded its lawful authority or so abused its discretion as to cause an injury for which no ordinary remedy is adequate. *Hancock–Nelson Mercantile Co. v. Weisman,* 340 N.W.2d 866, 868 (Minn.App.1983). Prohibition does not lie where an appeal provides an adequate remedy. *Bellows v. Ericson,* 233 Minn. 320, 325, 46 N.W.2d 654, 658 (1951).

In 2002, the legislature enacted Chapter 257C to address requests for custody and visitation made by certain nonparents. *See* 2002 Minn. Laws. Ch. 304, §§ 1–6, 13 (enacting Chapter 257C). Under Chapter 257C, custody may be awarded to "interested third parties," among others. A nonparent's petition for custody must "state and allege" a "basis for jurisdiction" by asserting that the petitioner is an "interested third party" or other person entitled to seek custody under the statute. Minn.Stat. § 257C.03, subd. 2(a)(5) (2002). An "[i]nterested third party" is a nonparents, other than a de facto custodian, "who can prove at least one of the factors" in Minn.Stat. § 257C.03, subd. 7(a) (2002). Minn.Stat. § 257C.01, subd. 3(a). Under Minn.Stat. § 257C.03, subd. 7(a):

> To establish that an individual is an interested third party, the individual must:
>
> (1) show by clear and convincing evidence that one of the following factors exist:
>
> (i) the parent has abandoned, neglected, or otherwise exhibited disregard for the child's well-being to the extent that the child will be harmed by living with the parent;
>
> (ii) placement of the child with the individual takes priority over preserving the day-to-day parent-child relationship because of the presence of physical or

emotional danger to the child, or both; or

(iii) other extraordinary circumstances; and

(2) prove by a preponderance of the evidence that it is in the best interests of the child to be in the custody of the interested third party.

Here, the district court found cousins to be "interested third parties" because of "extraordinary circumstances." While Chapter 257C does not define "extraordinary circumstances," we conclude that because cousins have not alleged that they had a substantial relationship with the child when they petitioned for custody, and because they actually lack such a relationship with the child, their circumstances are not "extraordinary" for purposes of Chapter 257C. Therefore, they lack standing to seek custody as "interested third parties," and the district court should have dismissed cousins' petition for custody, and should not have granted cousins visitation pending a ruling on the merits of their petition. *See* Minn.Stat. § 257C.03, subd. 8(a)(2) (2002)(requiring dismissal of custody petition where petitioners cannot show themselves to be "interested third parties"); *In re Improvement of County Ditch No. 86, Branch 1 v. Phillips,* 625 N.W.2d 813, 817 (Minn.2001) (stating standing "is a prerequisite to a court's exercise of jurisdiction").

■ Chapter 257C presumes that a relationship exists between a petitioner seeking custody of a child and the child whose custody is being sought: In addition to alleging that a petitioner is an "interested third party" or other person able to seek custody under Chapter 257C, a petition for custody filed under Chapter 257C "must state and allege" both the "relationship of the petitioner to each child for whom custody is sought" and "the length of time each child has resided with the petitioner."

Minn.Stat. § 257C.03, subd. 2(a)(4), (8) (2002). Similarly, in addressing an "interested third party's" petition, the district court "must" consider, among other things, "the amount of involvement the interested third party had with the child during the parent's absence or during the child's lifetime" and "whether a sibling of the child is already in the care of the interested third party." Minn.Stat., § 257C.03, subd. 7(b)(1), (7). Thus, the portions of Chapter 257C applicable to cases involving "interested third parties" require a petition for custody to detail the *existing* relationship between the petitioner and the child, and contemplate both that the petitioner-child relationship may have existed for the entirety of the child's life, and that the child's siblings, as well as the child him or herself, may be living with the petitioner. For these reasons, whatever the precise definition of the "extraordinary circumstances" that qualify a person as an "interested third party," at a minimum, those circumstances include a substantial relationship between the petitioner and the child that exists when the petitioner petitions for custody.

Reading "interested third party" to require an existing substantial relationship between a person alleging to be an "interested third party" and the child whose custody is sought, is consistent with the circumstances leading to the enactment of Chapter 257C. The prior statute addressing awards of custody and visitation to persons who were not parents of the child in question was Minn.Stat. § 518.156, subd. 1(b) (2000). The terms of that anomalous statute required nonparents seeking visitation to "qualify under one of the provisions of section 257.022 [ (2000) ]" identifying certain persons who could seek visitation, but put *no* limitation on who could seek custody of a child. Minn. Stat § 518.156, subd. 1(b) (2000). The same

2002 legislation enacting Chapter 257C with its child-centered limits on the nonparents who can petition for custody and visitation, repealed Minn.Stat. § 518.156, subd. 1(b) (2000). 2002 Minn. Laws. Ch. 304, §§ 1–6, 8, 13. Thus, to read Chapter 257C as allowing persons with nonexistent or only nominal relationships with a child to petition for custody of that child would essentially be to judicially reenact the oddity that the legislature repealed and replaced with the narrower Chapter 257C. *See Hahn v. City of Ortonville*, 238 Minn. 428, 436, 57 N.W.2d 254, 261 (1953) (holding that court can consider other statutes on same subject to clarify statute's meaning); *Altenburg v. Bd. of Sup'rs of Pleasant Mound Tp.*, 615 N.W.2d 874, 879 (Minn.App.2000) (stating that courts may look to prior versions of statute to determine meaning of statute) (citing *Welscher v. Myhre*, 231 Minn. 33, 36, 42 N.W.2d 311, 313 (1950)), *review denied* (Minn. Nov. 21, 2000). This we decline to do.[1]

Here, cousins' limited interaction with the child before they petitioned for custody was insufficient to create the substantial relationship presumed by Chapter 257C. Additionally, to use the time grandparents allowed cousins to spend with the child after parent's death to create standing for cousins to seek custody would be poor public policy: it will cause persons caring for children in similar situations to forbid third persons from having access to children in their care in order to avoid or limit custody disputes. Here, the combination of the district court's suspension of discovery with its allowance of continued visitation between the child and cousins permits cousins to create, *after* they filed their petition for custody, the relationship that Chapter 257C requires them to have *before* they petitioned for custody. Absent the relationship with the child presumed by Chapter 257C, cousins lack standing to seek custody as an "interested third party." And cousins' lack of standing to seek custody precludes an award of temporary

---

1. We also note that in June 2000, a plurality of the United States Supreme Court described a Washington state visitation statute as "breathtakingly broad" because it allowed "any person" to petition for visitation with a child at "any time," and allowed the court to grant visitation whenever the court believed it would serve "the best interests of the child." *Troxel v. Granville*, 530 U.S. 57, 67, 120 S.Ct. 2054, 2061, 147 L.Ed.2d 49 (2000) (quoting Wash. Rev.Code § 26.10.160(3) (emphasis added by *Troxel* omitted)). They then stated that use of that statute to allow paternal grandparents to have visitation with children over the objections of the children's custodial mother violated the mother's right to due process of law. *Id.* at 75, 120 S.Ct. at 2065. It was shortly thereafter that the Minnesota legislature repealed Minn.Stat. · § 518.156, subd. 1(b) and enacted Chapter 257C via 2002 Minn. Laws Ch. 304. For two reasons, we cannot conclude that the 2002 narrowing of the scope of the nonparents able to petition for custody achieved by Chapter 257C coincidentally followed the *Troxel* decision. First, to the extent that the Supreme Court's distress about the "breathtaking" breadth of Washington's visitation statute involved concern about the lack of limitation on who could seek visitation, it is at least possible that a similar concern could have been expressed about the lack of limitation on who could seek custody under the arguably more "critical" custody provisions of Minn.Stat. § 518.156, subd. 1(b) (2000). *See generally Olson v. Olson*, 534 N.W.2d 547, 551 n. 5 (Minn.1995) (recognizing that "the granting of grandparent visitation rights is, by its essential nature, a less critical decision than the judicial determination as to custody, especially where custody is disputed"). Second, the history of 2002 House File 2596, the companion to 2002 Senate File 2673 which became 2002 Minn. Laws Chapter 304, refers to a 2000 United States Supreme Court opinion. *See* House Floor Debate on H.F. 2596 (Mar. 19, 2002) (statement of witness Hanson); *cf. Hoben v. City of Minneapolis*, 324 N.W.2d 161, 162–63 (Minn.1982) (noting that prompt legislative amendment of statute construed in prior court opinion indicated legislative action was a reaction to the prior opinion).

visitation. Therefore, prohibition is appropriate here.

**Writ of prohibition granted.**